UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUCK C. AMAJIOYI, | No. 2:20-cv-2292 KJM DB PS |
| Plaintiff, | |
| v. | ORDER |
| BIOMARIN PHARMACEUTICAL, INC., | |
| Defendant. | |

Plaintiff Chuck C. Amajioyi is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff commenced this action on November 17, 2020, by filing a complaint and paying the required filing fee. (ECF No. 1.) On October 19, 2022, the undersigned issued findings and recommendations recommending that this action be dismissed without prejudice due to plaintiff's failure to serve the defendant. (ECF No. 12.) On November 18, 2022, plaintiff filed objections. (ECF No. 13.) Therein, plaintiff alleges to have served defendant's "Legal Counsel."[1] (Id. at 1.)

---

[1] Plaintiff is advised that Rule 4 of the Federal Rules of Civil Procedure allows for service on a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Pursuant to California law a corporation may be served by "[d]elivery by hand of a copy of any process against the corporation (a) to any natural person designated by it as agent or (b), if a corporate agent has been designated, to any person named in the latest certificate of the corporate agent filed pursuant to Section 1505 at the office of such corporate agent shall

1

Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within 90 days after the complaint is filed the action may be dismissed without prejudice. Fed. R. Civ. P. 4(m).  Here, well over 90 days have passed.  However,

> Rule 4(m) provides two avenues for relief.  The first is mandatory: the district court must extend time for service upon a showing of good cause.  The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.

Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009)).

"[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Service, 231 F.3d 1220, 1223-24 (9th Cir. 2000).  Excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 388 (1993).

Here, the undersigned finds that plaintiff has shown at least excusable neglect.  Plaintiff, therefore, will be granted an extension of time to properly serve the defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. The October 19, 2022 findings and recommendations (ECF No. 12) are vacated; and

2. Plaintiff is granted twenty-eight days from the date of this order to file proof of service on the defendant in compliance with Rule 4.

Dated:  December 3, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\amajioyi2292.vacate.f&rs

---

constitute valid service on the corporation." CA. CORP. § 1701.  Plaintiff is advised that defendant's Legal Counsel may not be defendant's agent for service of process.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28