1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHUCK C. AMAJIOYI,                    No.  2:20-cv-2292 KJM DB PS

12                    Plaintiff,

13          v.                              ORDER

14    BIOMARIN PHARMACEUTICAL, INC.,

15                    Defendant.

16

17          Plaintiff Chuck C. Amajioyi is proceeding in this action pro se.  This matter was referred

18    to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On

19    November 17, 2020, plaintiff filed a complaint and paid the applicable filing fee.  (ECF No. 1.)

20    Accordingly, a summon was issued to plaintiff for service on the defendant.  (ECF No. 2.)

21          On December 4, 2020, plaintiff filed a document asking if plaintiff needed "to serve the

22    defendant or is the court going to appoint someone who will serve the defendant?"  (ECF No. 4.)

23    Plaintiff was advised "that pursuant to Rule 4 of the Federal Rules of Civil Procedure generally a

24    'plaintiff is responsible for having the summons and complaint served within the time allowed by

25    Rule 4(m) and must furnish the necessary copies to the person who makes service.'"  (ECF No. 6

26    at 1 (quoting Fed. R. Civ. P. 4(c)(1)).

27          Thereafter, plaintiff failed to timely serve the defendant and failed to respond to an order

28    to show cause.  On October 19, 2022, findings and recommendations issued recommending that

                                              1

1 this action be dismissed due to lack of prosecution.  (ECF No. 12.)  However, on November 18,

2 2022, plaintiff filed objections to the findings and recommendations stating that plaintiff could

3 "hire a Sheriff to serve" the defendant.  (ECF No. 13 at 1.)

4       Accordingly, on December 5, 2022, the findings and recommendations were vacated and

5 plaintiff was granted twenty-eight days to file proof of service on the defendant.  (ECF No. 14.)

6 On December 14, 2022, plaintiff filed a motion for service of summons by a United States

7 Marshal.  (ECF No. 15.)

8       "At the plaintiff's request, the court may order that service be made by a United States

9 marshal or deputy marshal or by a person specially appointed by the court."  Fed. R. Civ. P.

10 4(c)(3).  However, "[s]uch orders are mandatory only in the instance of a plaintiff who has been

11 authorized to proceed in forma pauperis under 18 U.S.C. § 1915 or who is a seaman under 28

12 U.S.C. § 1916."  Hollywood v. Carrows California Family Restaurants, Case No. CV 18-2098

13 JGB (GJS),  2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018).  Here, plaintiff is not proceeding

14 in forma pauperis and does not appear to be a seaman under 28 U.S.C. § 1916.

15       Therefore, "plaintiff is expected first to seek service by private means whenever feasible

16 rather than impose the burden on the Marshals Service."  93 F.R.D. 255.  Moreover, any request

17 for service by the Marshals Service "should set forth whatever steps to serve process already have

18 been taken."  SERVICE BY MARSHAL; WHICH MARSHAL MAY SERVE, 4A Fed. Prac. &

19 Proc. Civ. § 1090 (4th ed.).  Plaintiff also "must provide a factual basis for why a court order is

20 necessary to accomplish service."  Prosperous v. Todd, Case No. 8:17-cv-996-T-33MAP, 2017

21 WL 2291367, at *1 (M.D. Fla. May 25, 2017).  Here, plaintiff's motion provides no such

22 information.

23       Accordingly, IT IS HEREBY ORDERED that:

24       1. Plaintiff's December 14, 2022 motion for service by the Marshals Service (ECF No.

25 15) is denied; and

26 ////

27 ////

28 ////

2.  Within twenty-one days of the date of this order plaintiff shall file proof of service on the defendant in compliance with the Federal Rules of Civil Procedure.

Dated:  January 11, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\amajioyi2292.req.serv.den.ord