1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHUCK C. AMAJIOYI,                          No.  2:20-cv-2292 DJC DB PS

12                         Plaintiff,

13          v.                                    ORDER

14    BIOMARIN PHARMACEUTICAL, INC.,

15                         Defendant.

16

17          Plaintiff Chuck C. Amajioyi is proceeding in this action pro se.  This matter was referred

18    to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff

19    commenced this action on November 17, 2020, by filing a complaint and paying the required

20    filing fee.  (ECF No. 1.)  On November 18, 2020, summons for the defendant was issued.  (ECF

21    No. 2.)  That same day plaintiff was served with a letter that advised plaintiff that Rule 4(m) of

22    the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the

23    summons and complaint is not accomplished on the defendant within 90 days after the complaint

24    was filed.  (ECF No. 2.)

25          Nonetheless, plaintiff has repeatedly failed to take action in this case and the docket

26    reflects no proof of service on, or the appearance of, the defendant.  Accordingly, plaintiff has

27    repeatedly been ordered to show cause as to why this action should not be dismissed due to a lack

28    of prosecution—most recently on October 3, 2023.  (ECF Nos. 7, 11 & 19.)  On November 1,

2023, plaintiff filed a response stating that the "Marin County Sheriff," the "U.S. Marshall's Office in Oakland," and "another court document server in Fairfield, CA" had no "success serving" the defendant. (ECF No. 20 at 1.) Plaintiff concludes by requesting "assistance from the court in serving" the defendant. (Id.)

Plaintiff is again advised that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed.

> Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect.

Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009)).

Pursuant to Rule 4, service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4 (e)(1). "Alternative service is permissible where said service is 'reasonably calculated to give actual notice to the party to be served.'" Sendzul v. Hoag, Case No. CV 21-6894 RGK (KS), 2022 WL 2124903, at *2 (C.D. Cal. Apr. 14, 2022) (quoting Cal. Civ. Proc. Code § 413.30). "The Supreme Court has long recognized that no one form of substitute service is favored over any other so long as the method chosen is reasonably calculated, under the circumstances of the particular case, to give the defendant actual notice of the pendency of the lawsuit and an opportunity to present his defense." International Controls Corp. v. Vesco, 593 F.2d 166, 176 (2nd Cir. 1979); see also Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002) ("trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email").

In this regard, plaintiff should consult the Federal Rules of Civil Procedure to determine how to best proceed with service upon the defendant. Moreover, in light of plaintiff's pro se status, plaintiff will be granted a final opportunity to successfully serve the defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall serve the defendant and file proof of such service within 42 days of the date of this order[1]; and

2. Plaintiff is cautioned that the failure to timely comply with this order may result in a recommendation that this case be dismissed.

Dated: November 20, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/amajioyi2292.alt.serve.ord

---

[1] Alternatively, if plaintiff no longer wishes to pursue this civil action, plaintiff may comply with this order by filing a request for voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.