UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUCK C. AMAJIOYI, | No. 2:20-cv-2292 DJC DB PS |
| Plaintiff, | |
| v. | ORDER |
| BIOMARIN PHARMACEUTICAL, INC., | |
| Defendant. | |

Plaintiff Chuck C. Amajioyi is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff commenced this action on November 17, 2020, by filing a complaint and paying the required filing fee. (ECF No. 1.) On November 18, 2020, summons for the defendant was issued. (ECF No. 2.) That same day plaintiff was served with a letter that advised plaintiff that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed. (ECF No. 2.) Despite the passage of considerable time, and multiple orders by the undersigned, plaintiff has failed to file proof of service on the defendant and the docket reflects no appearance by the defendant.

> Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not

1

>established, the district court may extend time for service upon a showing of excusable neglect.

Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009)).

On November 21, 2023, the undersigned issued an order granting plaintiff an extension of time of 42 days to serve the defendant.  (ECF No. 21.)  On December 14, 2023, plaintiff filed a purported proof of service.  (ECF No. 22.)  That filing alleges that service on the defendant was accomplished by way of an "email upon the defendant's general counsel."  (Id. at 2.)

Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure a corporation may be served in the same manner appropriate for service on an individual under Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

Pursuant to Rule 4(e)(1) service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4 (e)(1).  California Code of Civil Procedure § 416.10 allows for service on a corporation by delivering a copy of the summons and the complaint to the person designated as an agent for service of process, or to the corporation's president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

Courts have permitted alternative forms of service, such as by email, when a party cannot effect service via any of the above means, and the party seeking leave for alternative service shows that "said service is 'reasonably calculated to give actual notice to the party to be served.'" Sendzul v. Hoag, Case No. CV 21-6894 RGK (KS), 2022 WL 2124903, at *2 (C.D. Cal. Apr. 14, 2022) (quoting Cal. Civ. Proc. Code § 413.30).

////

Here, plaintiff has not sought leave for alternative service nor shown that the alleged service by way of email gave actual notice to the defendant. Nor is the undersigned inclined to grant alternative service where, as is the case here, the defendant has an agent for service of process listed on the website for the California Secretary of State.[1] In light of plaintiff's pro se status, and in the interests of justice, the undersigned will provide plaintiff a final opportunity to serve the defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall serve the defendant and file proof of such service within 28 days of the date of this order[2]; and

2. Plaintiff is cautioned that the failure to timely comply with this order may result in a recommendation that this case be dismissed.

Dated: April 5, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/amajioyi2292.R4.ord

---

[1] In this regard, from the undersigned's research it appears that defendant's registered agent is 1505 Corporation CSC-Lawyers Incorporating Service, with several registered agents, such as Becky DiGeorge, Koy Saechao, Nicole Stauss, Jenn Bautista, and Rebecca Vang, listed for service of process at the address of 2710 Gateway Oaks Drive, Sacramento, CA.

[2] Alternatively, if plaintiff no longer wishes to pursue this civil action, plaintiff may comply with this order by filing a request for voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3